UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80100-CIV-SMITH/MAYNARD

CLINTON EVANS,

    Plaintiff,

v.

FRENCHMAN'S CREEK, INC.,
ERNESTO CERVANTES, BRUCE LAMONT,
DELLESA KIRK-JOHNSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR TAXABLE COSTS [DE 75]

**THIS CAUSE** is before me upon Defendants' Motion for Taxable Costs ("Motion") [DE 75], which falls within the scope of an existing referral Order [DE 23]. Plaintiff has not timely filed either a response in opposition or a response to my Order requiring Plaintiff to show cause why the Motion should not be granted by default. Having reviewed the Motion and for the following reasons, I recommend that the Motion be **GRANTED**.

## BACKGROUND

On March 13, 2023, the Court granted summary judgment to Defendants, Frenchman's Creek, Inc., Ernesto Cervantes, Bruce Lamont, and Delesa Kirk-Johnson, and against Plaintiff, Clinton Evans [DE 73]. That same day, a corresponding final judgment for Defendants was entered [DE 74].

As the prevailing parties, Defendants now seek an award of $1,796.00 in taxable costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1). This total amount sought

is supported by an itemized Bill of Costs and attached invoices [DE 75; DE 75-1]. To date, Plaintiff has not timely filed a response in opposition.

## DISCUSSION

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). A presumption exists in favor of awarding costs. *See Manor Healthcare Corp. v. Lomello*, 929 F.2d 633, 639 (11th Cir. 1991). However, the rule does not give the court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Taylor Indus. Constr. v. Westfield Ins. Co.*, 2020 WL 1873595, at *8 (M.D. Fla. Apr. 15, 2020) (quoting *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964)).

Congress has delineated which costs are recoverable under Rule 54(d)(1). *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). The court has limited discretion in awarding costs and may only tax those items specified in § 1920, unless authorized by statute. *Crawford Fitting*, 482 U.S. at 445. Under § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)  Docket fees under § 1923 of this title;
> (6)  Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is

within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Here, it is undisputed that Defendants are the prevailing party. Consequently, Defendants are presumptively entitled to an award of costs. Defendants seek $1,796.00 in total taxable costs consisting of fees of the clerk ($402.00); service of summons and subpoenas ($644.00); and fees for printed or electronically recorded transcripts ($750.00). Defendants have submitted an itemized Bill of Costs together with supporting invoices.

I have independently reviewed Defendants' unopposed Motion and supporting documentation. The costs sought are reasonable and well documented. Regarding the fees of the clerk, the record reflects that Defendants paid the filing fee of $402.00 when they first removed this case to federal court [DE 1]. Defendants also separately filed proof of paying this fee [DE 75-1 at 4]. Regarding fees for service, Defendants filed eight separate invoices for fees relating to service of process on various entities as part of this lawsuit. [*Id.* at 5-12]. Regarding fees for transcripts, Defendants filed an invoice documenting the costs associated with the deposition of Plaintiff on October 5, 2022 [*Id.* at 13]. Absent any objection from Plaintiff and for obvious reasons, costs related to Plaintiff's deposition were necessarily obtained for use in the case. *See Taylor Indus. Constr. v. Westfield Ins. Co.*, 2020 WL 1873595, at *27 (M.D. Fla. Apr. 15, 2020) (deposition transcripts are taxable costs if they were "necessarily obtained" for use in the case).

## **CONCLUSION AND RECOMMENDATION**

Consistent with the foregoing, because Plaintiff has not timely objected to any of the costs sought and because such costs are authorized by § 1920, I recommend that Defendants'

unopposed Motion for Taxable Costs [DE 75] be **GRANTED** and that Defendants be awarded a total of **$1,796.00** in taxable costs.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodney Smith. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 10th day of May, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE